UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,           :      02 Cr. 756 (LMM)

    - v -                           :      MEMORANDUM AND ORDER

FREDERICK JACKSON,                  :

            Defendant.              :

------------------------------------x

McKENNA, D.J.

        Defendant was convicted at his first trial of (1) conspiring, from at least in or about 1996 up to and including in or about June 2002, to distribute and possess with intent to distribute 50 grams and more of "crack" cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A); and (2) of possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Defendant now seeks an order precluding the government from offering certain evidence at defendant's retrial on four counts: three counts on which the first trial jury could not reach a unanimous verdict and one new count. Of the counts to be tried, Count One relates to the shooting of Ilar Chester on or about December 9, 2000, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) & § 2, and Counts Two, Three and Four relate to the killing of Ilar Chester on or about May 30, 2002, in violation of 21 U.S.C. § 848(e)(1)(A) & 18 U.S.C. § 2 (Count Two), 18 U.S.C. § 924(j)(1) & § 2 (Count Three), and 18 U.S.C. § 924(c)(1)(A)(iii), (C)(i) & § 2 (Count Four).

It is a predicate of at least Counts One, Two and Three that defendant participated in a drug conspiracy (and a predicate of Count Two that the conspiracy involved at least 50 grams of "crack" cocaine).[1]  Defendant has not shown that the government can be relieved of its burden of proof in this regard.

**2.**

The matter defendant seeks to exclude is identified in defense counsel's letter to AUSA McCarthy of April 6, 2006.  That letter more fully describes certain items by referring to the government's letter to the Court of November 1, 2005, submitted shortly before the first trial.  The Court here addresses each of the specific matters the defense seeks to exclude in the order of defense counsel's April 6, 2006 letter.

(1)  Evidence of the September 2000 stabbing of Chester and related events (including those of the following day, see Gov't Letter Brief, Apr. 10, 2006, at 4-5) will be admitted.  It is not only evidence of the conspiracy and its alleged activities, but is relevant to the relationship between Ilar Chester and defendant.

(2)  The government states (Gov't Letter Brief, Apr. 10, 2006, at 8-9, ¶ 1) that it will not offer evidence of the firing of a .44 caliber firearm by defendant in 1996 or 1997.

---

[1] The government states that participation in the drug conspiracy is a predicate of Count Four, as well (see Gov't Letter Brief, Apr. 10, 2006, at 2), but that is not clear from the indictment or the statute.

2

(3)  The government states (Gov't Letter Brief, Apr. 10, 2006, at 9, ¶ 2) that it does not intend to offer evidence of the 1992 or 1993 activities described in the government's November 1, 2005 letter (at 2-3, ¶ 1).

(4)  Evidence of a confrontation by defendant with one "Fat Cat" during the time period of the conspiracy as charged (see Gov't Letter, Nov. 1, 2005, at 3, ¶ 2) will be admitted.  It is evidence of the conspiracy and its alleged activities.

Evidence of a confrontation by defendant with one "Roy" during the time period of the conspiracy as charged (see Gov't Letter, Nov. 1, 2005, at 3, ¶ 3) will be admitted.  It is evidence of the conspiracy and its alleged activities.

Evidence of the activities of defendant and Ilar Chester, (and others) in or about September 2000 (see Gov't Letter, Nov. 1, 2005, at 3, ¶ 6) will be admitted.  It is evidence of the conspiracy and its alleged activities.

Evidence of the activities of defendant, Cashine Jordan, Anthony Battle, and others, in June of 2001, in the area of Fox Street (see Gov't Letter, Nov. 1, 2005, at 3-4, ¶ 7) will be admitted. It is relevant to the relationship between defendant and Jordan.

(5)  Defendant is incorrect in his understanding that evidence of events involving one "Sharif" (see Gov't Letter, Nov. 1, 2005, at 3, ¶ 4) was excluded from the first trial.  It was

3

allowed. (See Transcript, Nov. 14, 2005, at 41.) It will be admitted. It is evidence of the conspiracy and its alleged activities.[2]

(6 & 7) The government states (Gov't Letter Brief, Apr. 10, 2006, at 9, ¶ 3-4) that it will not offer evidence of the events involving Cleon Rowe described in its November 1, 2005 letter in Section B, page 4, paragraphs 1 and 2.

Evidence of the arrests of Cleon Rowe on July 2, 2000, (with Annie Campos) and on July 9, 2000, (with Michael Phillips) (see Gov't Letter, Nov. 1, 2005, at 4-5, ¶¶ 3 & 4), will be admitted. It is evidence of the conspiracy and its activities.

(8) Evidence of the arrests and seizures described in the government's November 15, 2005 letter, at 5, ¶ 5a.-e., will be admitted. It is evidence of the conspiracy and its activities.

(9 & 10) With regard to the arrests of defendant (see Gov't Letter, Nov. 1, 2005, at 5-6, ¶ 6a.-f.), the government states that it will not offer evidence of the arrests on November 18, 1997, August 7, 1999, February 7, 2001 and April 4, 2001. (Gov't Letter Brief, Apr. 10, 2006, at 9, ¶¶ 6-9.) That, presumably, means that the government does intend to offer evidence of his arrests on February 23, 1998, and on September 29, 2000.

---

[2] The matter described in paragraph 5, however, was excluded except to the extent that developments at trial might render it admissible under Fed. R. Evid. 404(b). (Id.) The government has stated (Gov't Letter Brief, Apr. 10, 2006, at 9, ¶ 3) that it will not seek to offer this evidence.

4

(See Gov't Letter, Nov. 1, 2005, at 5-6, ¶ 6b.-d.)  Evidence of those arrests may be offered by the government, as evidence of the conspiracy and its activities, subject to an instruction as given at the first trial.³

(11) Evidence of the use of drugs by defendant and Cleon Rowe will not be admitted.  Its relevance (if any) is outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.

SO ORDERED.

Dated:  May 8, 2006

_____
Lawrence M. McKenna
U.S.D.J.

---

³ It is not clear to the Court why evidence of defendant's conviction on March 13, 1998, pursuant to a guilty plea (see Gov't Letter, Nov. 1, 2005 at 6 n.5) needs to be proved.  Defendant's conviction on Count Six at the first trial required proof of a prior conviction, but such proof does not appear to be necessary in the second trial.

5