UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

FREDERICK E. JACKSON,

                Defendant.

**ORDER**

02 Cr. 756 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pending before the Court is Defendant Frederick Jackson's motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A). In its April 4, 2021 opposition to Jackson's application, the Government concedes that his medical condition constitutes an "extraordinary and compelling reason" for compassionate release. (Govt. Opp. (Dkt. No. 589) at 5)

        In an undated letter received at the courthouse on April 20, 2021, however, Jackson discloses that he has refused to receive a COVID-19 vaccine. Jackson's letter indicates that the vaccine was offered to him at FCI-Talladega, where Jackson is incarcerated. (Undated Jackson Ltr. bearing Certified Mail No. 70200090000136448949)[1]

        By June 1, 2021, the Government will submit a letter addressing the significance of Jackson's refusal to be inoculated with the COVID-19 vaccine. See United States v. King, No. 16-CR-478-11 (CS), 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) (noting that defendant refused the Pfizer COVID-19 vaccine and thereby

---

[1] Because Jackson's letter and its attachments discuss his medical condition, these materials have been filed under seal.

"declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction" (citation and quotation marks omitted)); id. (finding that extraordinary and compelling circumstances did not exist and denying defendant's motion for compassionate release); United States v. Bryant, No. 06-CR-17-LTS, 2021 WL 738838, at *2 (S.D.N.Y. Feb. 24, 2021) ("[The defendant's] refusal to accept a risk-mitigating measure [i.e., the vaccine], even one with a period of delay in its efficacy, is relevant to whether the risk of infection he faces in the MDC is extraordinary and militates against finding that the degree of risk compels release."); see also United States v. Mascuzzio, No. 16 Cr. 576 (JFK), 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021) ("[E]ven if [the defendant's] health issues constituted 'extraordinary and compelling reasons' to reduce his sentence – which the Court would be hard-pressed to conclude in light of [the defendant's] voluntary refusal of an approved vaccine[,] . . . application of the § 3553(a) sentencing factors once again outweighs the reasons [the defendant] proffers for a reduction to his sentence." (citations omitted)))

In its letter, the Government will also present current and historical information concerning COVID-19 infections among inmates and staff at FCI-Talladega, as well as information concerning vaccinations among inmates and staff at FCI-Talladega.

The Clerk of Court is directed to send a copy of this Order to the pro se Defendant.

Dated: New York, New York
May 24, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge